GOVERNMENT ACCOUNTABILITY PROJECT, Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION, Defendant.

Civil Action No. 12-cv-1954 (KBJ)

United States District Court, District of Columbia.

Signed March 6, 2015

Karen J. Gray, Sarah L. Nash, Government Accountability Project, Washington, DC, for Plaintiff.

Fred Elmore Haynes, Patricia K. McBride, John G. Interrante, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

KETANJI BROWN JACKSON, United States District Judge

Plaintiff Government Accountability Project ("GAP") has brought this action against the Food And Drug Administration ("FDA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking disclosure of certain government records related to the use of antimicrobial medications in food-producing animals. The parties in this matter have narrowed the scope of their dispute to a single redacted document regarding antimicrobial medication sales data from the year 2009. (*See* Def.'s Consent Mot. to Stay Litigation, ECF No. 19, at 1.) Before this Court at present is a motion to intervene that Animal Health Institute ("AHI") has filed pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, pursuant to Federal Rule of Civil Procedure 24(b). (*See* AHI's Mot. to Intervene ("AHI's Mot."), ECF No. 23.) AHI is a trade association of companies that develop and manufacture animal medications, including antimicrobial medications referenced in the document at issue here (*see* Mem. in Supp. of AHI's Mot. ("AHI's Br."), ECF No. 23-1, at 1), and it requests intervention in order to protect its members from "public

disclosure of the annual sales volume of [their] medications[,]," which AHI asserts "would likely cause it[s members] substantial competitive harm." (AHI's Br. at 2.) GAP opposes AHI's motion to intervene, primarily on the grounds that the motion is untimely and that the FDA adequately represents AHI's interest in the instant case. (*See* Pl.'s Mem. in Opp'n to AHI's Mot. ("Pl.'s Opp'n"), ECF No. 27, at 1.)

For the following reasons, this Court concludes that AHI is entitled to intervene in the instant action as a matter of right under Rule 24(a); and, consequently, AHI's motion to intervene is **GRANTED**.

## I. DISCUSSION

Federal Rule of Civil Procedure 24(a) provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The D.C. Circuit has said that Rule 24(a) imposes four prerequisites to intervention: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian,* 532 F.3d 876, 885 (D.C.Cir.2008) (internal quotation marks and citation omitted).

AHI easily satisfies all four factors. With respect to the first factor, courts assess "[t]he timeliness of a motion to intervene ... in consideration of all the circumstances[,]" including whether a potential intervenor would "unduly disrupt[ ] [the] litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart,* 741 F.3d 147, 151 (D.C.Cir.2014) (internal quotation marks and citation omitted). In light of the current procedural posture of this case, this Court finds that no disruption or unfair disadvantage would result from permitting AHI to intervene in this matter at this point in time. *See Hardin v. Jackson,* 600 F.Supp.2d 13, 16 (D.D.C. 2009) (concluding that motion to intervene was timely in light of case's procedural posture). Moreover, intervention in this case does not involve the procedural complications that could arise if the existing parties were involved in (or had already completed) discovery, and "[t]he Court has not [yet] issued any decisions on the merits of [Plaintiff's] claim[s][.]" *Id.* Thus, it is appropriate for the Court to find that AHI's intervention motion is timely.

GAP's argument that AHI's motion should be rejected as untimely due to the length of time that has elapsed since Plaintiff first filed this action (*see* Pl.'s Opp'n at 4–6) is unpersuasive. The D.C. Circuit has expressly recognized that "measuring the length of time passed is not in itself the determinative test, because we do not require timeliness for its own sake." *Roane,* 741 F.3d at 151 (internal quotation marks and citation omitted). Furthermore, insofar as GAP recently requested an extension of the summary judgment briefing schedule "[t]o permit the Court to rule on and fully consider the parties' briefs concerning AHI's Motion to Intervene" (Pl.'s Consent Mot. to Modify the Br. Schedule, ECF No. 26, at 2), GAP cannot now be heard to claim that there is a risk of prejudicial delay as a result of the proposed intervention.[1] Thus, this Court concludes that the timeliness prerequisite is satisfied.

1. Nor would any such claim be valid. This Court has set the summary judgment briefing

With respect to the second and third requirements, there does not appear to be a genuine dispute that AHI's members have a legally protected interest in this matter or that this matter poses a threat to such interest. Indeed, as AHI points out, GAP's counsel specifically acknowledged at oral argument that drug sponsors "could have intervened in this case" because "they have a clear interest in the outcome of this litigation and would have had standing to intervene." (AHI's Reply Br. in Supp. of AHI's Mot. ("AHI's Reply"), ECF No. 30, at 2 (quoting June 6, 2014 Hr'g Tr. 35:9–14).) In any event, this Court finds that AHI's interest in "preventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)." *100Reporters LLC v. DOJ*, 307 F.R.D. 269, 275 (D.D.C.2014) (collecting cases).

Finally, the Supreme Court has instructed that the burden of showing inadequate representation for Rule 24(a) purposes is "minimal" and therefore "satisfied if the applicant shows that representation of his interest '*may* be' inadequate[.]" *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972) (emphasis added). This Court concludes—contrary to GAP's argument (*see* Pl.'s Opp'n at 9–12)—that the FDA's interests are not necessarily in total alignment with AHI's interests in the instant case, and thus, adequate representation is not a given. Indeed, as other courts in this jurisdiction have observed, the nature of FOIA litigation is such that "the government entity and the private intervenor will possess fundamentally different interests—the government is interested in fulfilling its FOIA obligations; the intervenor is interested in preventing disclosure of its confi-

dential materials[.]'" *100Reporters LLC*, 307 F.R.D. at 280.

## II. CONCLUSION

AHI has satisfied all four of the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). Therefore, this Court "must permit" AHI to intervene in the instant action. Fed. R. Civ. P. 24(a). Accordingly, it is hereby

**ORDERED** that AHI's [23] Motion to Intervene is **GRANTED,** and AHI's [34-1] Motion for Summary Judgment and related attachments will be accepted for filing and consideration.

schedule, and AHI's intervention does not al-

ter the schedule that is currently in place.